Date signed March 19, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | | |
|---|---|---|---|
| In Re: | * | | |
| DAVID W. EADER | * | Case No. | 09-32656DK |
| PAMELA S. EADER | * | Chapter | 7 |
| | * | | |
| Debtors | * | | |

### MEMORANDUM OPINION

Debtors filed a petition for chapter 7 bankruptcy protection on November 20, 2009.

Mazda American Credit ("Lessor") filed a *Motion for Approval of the Lease Agreement Between*

*Debtors and Mazda American Credit* on January 22, 2010 [Docket #20].  Under the Lease

Assumption Agreement the Debtors agree to assume personal liability for the lease of a 2008

Mazda CX9 truck in consideration of their waiver of the protections afforded under Section

524(a) of the Bankruptcy Code[1].

Prior to passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of

---

[1] §524(a) allows the debtor to discharge certain debts.  Under the Bankruptcy Code, "[a] discharge in a case under this title– operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal lliability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §524(a)(2).

2005 (BAPCPA), a chapter 7 debtor could not assume a lease prior to discharge as Section

365(a) conferred the power to assume executory contracts on the trustee, subject to approval by

the bankruptcy court.  BAPCPA amended the Bankruptcy Code to provide:

> (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify
> the creditor in writing that the debtor desires to assume the lease. Upon being so
> notified, the creditor may, at its option, notify the debtor that it is willing to have
> the lease assumed by the debtor and may condition such assumption on cure of
> any outstanding default on terms set by the contract.

> (B) If, not later than 30 days after notice is provided under subparagraph (A), the
> debtor notifies the lessor in writing that the lease is assumed, the liability under
> the lease will be assumed by the debtor and not by the estate.

11 U.S.C. §365(p)(2).

Following the passage of BAPCPA bankruptcy courts were tasked with reconciling this

amendment with Section 524(a).  Section 524(a) allows a chapter 7 debtor to discharge pre-

petition debts and Section 524(c) prescribes how a debtor assumes personal liability after

discharge for an otherwise dischargeable pre-petition obligation. Neither provision was modified

by BAPCPA.  Courts therefore must determine 1) whether a debtor is required to comply with

Section 524(c) to assume personal liability for an executory contract; and 2) whether a debtor

could discharge a lessor's unsecured,[2] unliquidated pre-petition debt after the debtor assumed

liability upon an executory lease under Section 365(p)(2)(*i.e.,* whether a debtor could waive

Section 524(a) without leave of the Court).

A number of bankruptcy courts have confronted these issues with similar results. A

---

[2]Most, if not all, car leases are "true leases," pursuit to which the lessor retains title and
transfers the right to use the car to the lessee.  Upon default, the lessor has the right to repossess
the car, and the right to sue for the amount of default.  Repossession does not provide collateral
proceeds to satisfy the deficiency.

chapter 7 debtor can agree to assume personal liability for an executory contract prior to discharge, but the effects of Section 524(a) cannot be waived without filing a "reaffirmation agreement"[3] consistent with Section 524(c).   One of the earliest cases to deal with this issue was the unreported decision of *In Re Finch*, 2006 WL 3900111 (Bankr. D. Colo. 2006).  In that case the Court was asked to approve a stipulation for assumption of a lease agreement between the chapter 7 debtor and Jaguar Credit.   Under the agreement, debtor agreed to assume a lease that required monthly payments that would cost one third of his net monthly income and to waive the effects of discharge under Section 524(a).  The Court expressed reservations about letting a chapter 7 debtor assume a lease without filing a reaffirmation agreement pursuant to Section 524(c).  *Id.* at *1.  The Court found that Section 365(p)(2) did not require judicial approval of the agreement, thus the Court would not have an opportunity to decide whether the agreement imposed "undue hardship" on the debtor in violation of Section 524(c)(3)(B).  *Id.*  Nevertheless, the Court speculated, that the payments would clearly impose an undue hardship, and accordingly, rejected the stipulation for assumption of the lease agreement by the debtor.  *Id.*

The Court's discussion in *In re Rogers*, 359 B.R. 591 (Bankr. D.S.C. 2007) addressed the implications of the reaffirmation agreement for the lessor:

---

[3]A Reaffirmation Agreement is an "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title."  11 U.S.C. § 524(c).  The Agreement shall be filed in accordance with Federal Rules of Bankruptcy Procedure 4008(a) and should be substantively in conformity with Bankruptcy Form B24OA (revised 12/09).  The Reaffirmation Agreement is required to be accompanied by Bankruptcy Form B27 Reaffirmation Agreement Cover Sheet.

> This assumption of liability may not necessarily lead to an exception from discharge of the liability since §524 has not been amended to make reference to new §365(p)(2). One treatise states the matter this way: "If the debtor then assumes the lease, the liability under the lease will be assumed by the debtor and not the estate. However, because there is no reaffirmation of the lease debt, it is not entirely clear what this means. Personal liability on the lease will ordinarily be discharged if the chapter 7 discharge is entered, presumably even if the lease is assumed."

*Id.* at 593 (quoting 1-15 Collier Consumer Bankruptcy Practice Guide ¶ 15.04[8]).  The Court ruled that assumption of the lease did not require court approval and that the issue as to the effect of a discharge upon the assumed lease obligations was not before the Court.

In *In re Gaylor*, 379 B.R. 413 (Bankr. D. Conn. 2007), the Court held that because Section 365(p)(2) did not require judicial approval of the assumption of the lease, the stipulation for assumption of the lease agreement did not need to be approved by the Court.  However, the Court also declined to rule as to what extent debtor had waived the effects of discharge.  *See also In re Walker*, 2007 WL 1297112 (Bankr. M.D.N.C. 2007) (holding that because neither the debtors nor the lessor had invoked Section 524(c), it would not pass judgment on the assumption of the lease agreement, which meant by implication that it did not adjudge debtors to have waived discharge).

The opinion of the United States Bankruptcy Court for the District of Massachusetts in *In re Creighton*, 2007 WL 541622 (Bankr.D. Mass. 2007) is likely the most thorough discussion of why Section 524(c) had to survive Section 365(p)(2) and BAPCPA.  In that case, the creditor filed a motion for the Court to approve two stipulations between itself and the chapter 7 debtor where the debtor agreed to assume personal liability for a pre-petition vehicle lease agreement and "'waive the effect, if any, the discharge under 11 U.S.C. § 524(a) has as to the assumed Lease Agreement[s].'"  *Id.* at *1 (citing the Stipulation filed therein).  The court earlier had ruled

that the debtor could assume the lease pending his submission and, if necessary, approval of a reaffirmation agreement consistent with Section 524(c). *Id.* The creditor moved for reconsideration of the requirement of the reaffirmation agreement. The Court chronicled the authority of the chapter 7 debtor to assume personal liability for executory contracts before and after BAPCPA, and the functional impact of that amendment.

> When a trustee-or a debtor in possession, exercising the powers of the trustee as estate representative-assumed a debt, the estate, a stranger to the original agreement, adopted the debtor's obligation under that agreement. The very concept of assumption by a chapter 7 debtor [before BAPCPA] was an oxymoron.

*Id.* The Court reasoned that while most post-petition agreements are not subject to discharge, certain agreements *are* subject to discharge unless certain procedures are followed. *Id.* at *2-3. Ultimately, the court ruled that the lease assumption agreement was a sub-species of a reaffirmation agreement, thus the terms of Section 524(c) applied. *Id.* at *3. Accordingly, the Court affirmed its initial holding that Debtor was required to file a reaffirmation agreement before he could assume liability for the lease and waive any effects of Section 524(a). *Id.* at *5.

This court concludes that although Section 365(p)(2) permits an individual debtor in a Chapter 7 case to assume a lease of personal property and that such assumption does not require any approval by the bankruptcy court, the personal obligation of the debtor under the assumed agreement is subject to the discharge provided by Section 524(a) unless the debtor reaffirms the indebtedness under the lease in compliance with Section 524(c) *et. seq.* Unless the indebtedness is reaffirmed by a reaffirmation agreement in compliance with the provisions of Section 524 and Federal Rule of Bankruptcy Procedure 4008, any waiver of discharge contained in the lease assumption agreement is ineffective as to preventing the indebtedness under the lease and personal liability under assumption agreement from being discharged by an Order of Discharge

entered in the debtor's bankruptcy case.

Although Congress did not expressly include new language in Section 524 addressing the effect of an assumption of personal property lease by a Chapter 7 debtor under Section 365(p)(2), in BAPCPA Congress increased the protection afforded to debtors by Section 524 by adding significant additional requirements to be met by creditors in obtaining a reaffirmation of a debt. 11 U.S.C. § 524(c)(2), (k) and (m). By the addition of these provisions, Congress has indicated a strengthening of the policy that an individual debtor cannot waive the effect of the discharge injunction as to obligations arising from prepetition transactions unless the disclosures mandated under Section 524(c)(2) and (k) are provided and the information required to be submitted to the court pursuant to Section 524(m) and Rule 4008 is filed for court review where applicable. These requirements add to the pre-BAPCPA protections of unrepresented debtors pursuant to Section 524(d). As to obligations arising from pre-petition leases of personalty, these protections set forth in Section 524 would be rendered meaningless if, by the simple signing of a "assumption agreement," debtor is re-obligated for the pre-petition lease obligations without the protections mandated by Section 524.

The court concludes that Section 365(p)(2) a lease assumption agreement contains no provision under which the court may approve or disapprove. Accordingly, the court will not grant a motion which seeks such approval by the court. Further, the court concludes that the *in personam* obligation of the debtor arising under the pre-petition lease, even if assumed under an assumption agreement which states that the debtor waives a discharge as to that debt, does not act to prevent the discharge of the assumed liability of such debt unless a reaffirmation agreement is completed and filed in full compliance with Section 524 and Rule 4008, and where

-6-

provided for by Section 524, court approval.

      An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.


cc:    Debtors
        Debtors' Counsel
        Chapter 7 Trustee
        U.S. Trustee
        All Other Parties-In-Interest